UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
VALERIE TYLER et al.,                            MEMORANDUM
                Plaintiffs,                  & ORDER


      -against-

                                   05CV3620(SLT)(JO)

CITY OF NEW YORK, et al.,

                Defendants
--------------------------------------------------X
TOWNES, U.S.D.J.

Defendants' motion to dismiss is granted. This memorandum briefly address Defendants' claims.

I. *Facts and Procedural History*

For the purpose of resolving the motion before the Court, all factual allegations in the Complaint are presumed to be true. *See Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993).

Plaintiffs Valerie Taylor, Yolanda Moss, Vernell Hudson, Donna A. Coles, Cherylin Watson, Janet Harmon, Valerie Britt, Theresa Smith-Paw, Halloveen Brightley, Elizabeth Gallman-Mapp, and Barbara Morris (collectively "Plaintiffs") are Police Communication Technicians ("PCTs") for defendant New York City Police Department ("NYPD" or "Police Department"). (Complaint at 1.) Plaintiff Cynthia Hill is a Supervising Police Communication Technician ("SPCT") for NYPD. (*Id.*)

PCTs and SPCTs are assigned to NYPD's Communication Division primarily as radio dispatchers and supervisors of radio dispatchers, respectively. (Complaint ¶ 18.) Plaintiffs' jobs

require the use of a headset, which must be stored in a locker when not in use. (Complaint ¶ 19.) The process by which Plaintiffs obtain their headsets prior to commencement of their respective shifts (as well as the one by which Plaintiffs return the headsets at the close of their shifts) takes approximately 15-20 minutes. (Complaint ¶ 20-21.) Plaintiffs are not compensated for this time. (Complaint ¶ 20-21.)

Plaintiffs are not permitted to leave their respective workstations until their replacements arrive and they are not compensated for any time spent waiting. (Complaint ¶ 22.) Indeed, Plaintiffs are not compensated for any overtime until they have worked "longer than one hour and one minute." (Complaint ¶ 23.) This practice, Plaintiffs allege, have resulted in Defendants receiving thousands of hours of unpaid labor, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (*Id.*)

Plaintiff brings this putative class action on behalf of all individuals residing in the City of New York who work for NYPD as PCTs or SPCTs. Plaintiffs name NYPD, the City of New York (the "City"), Mayor Michael R. Bloomberg ("Bloomberg'), Police Commissioner Raymond W. Kelly ("Kelly"), the New York City Department of the Citywide Administrative Services, and Martha K. Hirst ("Hirst"), Commissioner of DCAS, as defendants (collectively, the "Defendants"), and allege that Defendants failure to pay them overtime in the above-described situations constitutes a violation of the Fair Labor Standards Act (collectively "Defendants").[1] (Complaint at 1.)

---

[1] Plaintiffs name Bloomberg, Kelly and Hirst only in their official capacities.

Plaintiffs are subject to a collective bargaining agreement[2] ("CBA") between the City and various unions that represent civil servants. (Hudson Aff. Ex. A.) Article XV, Section 10 ("Section 10") of the CBA, entitled "Adjustment of Disputes" contains a subsection entitled "FLSA Dispute Procedure" and provides as follows:

    a.    Any dispute, controversy or claim concerning or arising out of the application or interpretation of the Fair Labor Standards Act ("FLSA Controversy") shall be submitted by a claimant in accordance with this section.

    b.    Any FLSA Controversy must be presented in writing and in the form prescribed by the FLSA Panel no later than sixty days after the date on which such FLSA Controversy arose.

    c.    i. Any FLSA Controversy arising out of a claimed wrongful computation of benefits shall be submitted by an employee in writing to the applicable agency head or designee for review and resolution.

           [...]

           ii. If the matter is not satisfactorily resolved at the agency level, the claimant may, within two weeks after receipt of the agency determination, appeal the matter to the FLSA Panel in writing.

           [...]

    f.    Notwithstanding the provisions of this Section 10, the submission of a dispute by an employee under this provision shall not constitute a waiver of the employee's rights until the FLSA.

---

[2] Though the CBA was not attached to (or incorporated by reference in) the Complaint, the Court is permitted to consider matters outside of the pleadings when evaluating a motion under Rule 12(b)(1). *Zappia Middle East Constr. Co. v. Emirate of Abu-Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

The Court may also consider the CBA on the alternative 12(b)(6) motion because the complaint "relies heavily upon its terms and effect," rendering it "integral" to the Complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-3 (2d Cir. 2002); *see also Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, (S.D.N.Y. 2005) (considering CBA on 12(b)(6) motion because it was integral to police officers' claim that he was wrongfully discharged and because he had actual notice of same).

(Hudson Aff. Ex. A at 42-45.)

Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that, pursuant to the CBA, this Court must compel the parties to arbitrate the instant dispute.

II.  *Discussion*

In Defendants' request for a Pre-Motion Conference, they stated an intention to file "a motion to dismiss Plaintiffs' Complaint, or in the alternative, to stay the instant action and compel arbitration pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)." (Letter from Ekelman to Court of 11/28/05.)  Defendants referred to their memorandum of law as one "[i]n Support of Defendants' Motion to Dismiss *and* Compel Dispute Resolution." (emphasis added).  Defendants alternatively requested a dismissal and a stay throughout their initial brief. (*See* Def. Mem. of Law at 2 (referring to "Motion to Dismiss *and* Compel Dispute Resolution") (emphasis added): *id.* at 3 ("the Court should...stay the instant proceedings"); *id.* at 10 ("The Court should compel mandatory dispute resolution...and dismiss or stay this Action."); *id.* at 12 (stating, in their conclusion that "this proceeding should be stayed in the event that certain of the claims are not resolved to the Plaintiff's satisfaction").)  In their reply, defendants ask the court to compel use of the dispute resolution process, stay the action and dismiss the claims of those whose FLSA claims are resolved through the procedure.  (Def. Reply Mem. at 1.)

The inconsistencies throughout Defendants' motion papers reflect the lack of clarity in the case law of this Circuit (and others) as to what procedural mechanism must be employed by courts to dismiss actions in which the parties are bound to resolve (or attempt resolution of) their

4

claims in accordance with a contractual grievance procedure, such as an agreement to arbitrate. *See*, *e.g.*, *Tand v. Solomon Schechter Day Sch. of Nassau County*, 324 F. Supp. 2d 379 (E.D.N.Y. 2004) (Spatt, J.) (dismissing claim under Labor Management Relations Act under 12(b)(6) for failure to exhaust mandatory grievance procedures). *Sinnet v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 429 (S.D.N.Y. 2004) (dismissing FLSA action and compelling arbitration but specifying neither Rule 12(b)(1) nor 12(b)(6)); *Martin v. SCI Mgmt. L.P.*, 296 F. Supp. 2d 462 (S.D.N.Y. 2003) (granting motion to compel arbitration under Federal Arbitration Act[3] ("FAA") without reference to Federal Rules of Civil Procedure); *Russell Country Sch. Bd. v. Conseco Life Ins. Co.*, 2001 WL 1593233 (W.D. Va. Dec. 12, 2001) (motion to compel arbitration decided under FAA without comment on applicability of Rule 12(b)(1)); *see also Citicorp Admin. Servs., Inc. v. Mail Sort, Inc.*, 2004 WL 962832, at *1 (N.D. Tx. May 4, 2004) (declining to answer "enigmatic question" of whether motion to dismiss in pursuit of arbitration is proper under Rule 12(b)(1), 12(b)(3) or 12(b)(6)); *Geelan v. Mark Travel, Inc.*, 319 F. Supp. 950 (D. Minn. 2004) (court lacked subject matter jurisdiction over dispute due to both collective bargaining agreement and application of Railway Labor Act); *DeGroff v. MascoTech Forming Tech. Fort Wayne, Inc.*, 179 F. Supp. 2d 896, 899 n.2 (N.D. Ill. 2001) (motion to compel arbitration can be brought under 12(b)(1)); *Strick Corp. v. Cravens Homalloy (Sheffield) Ltd.*, 352 F. Supp. 844, 847-8 (E.D. Pa. 1972) (contract clause requiring arbitration does not strip court of jurisdiction); 5B CHARLES ALAN WRIGHT & ARTHER R. MILLER, FEDREAL PRACTICE AND PROCEDURE § 1350

---

[3] While the Federal Arbitration Act sets forth standards and procedures enabling the district courts to stay proceedings pending arbitration, compel arbitration, and/or dismiss federal actions pending arbitration, 9 U.S.C.§ 201, *et seq.*, the FAA is applicable only to certain arbitration agreements affecting interstate commerce. However, the parties to the instant dispute are all domiciled in the State of New York, rendering the FAA irrelevant. (Complaint ¶ 10.)

(3d ed. 1998) (comparing inconsistent grounds for dismissal of actions containing arbitration clauses).

A.  *Rule 12(b)(1)*

"When considering a motion to dismiss for lack of subject matter jurisdiction...a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). However, when ruling upon questions of subject matter jurisdiction, the Court cannot draw inferences in favor of Plaintiffs. *Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662, 663 (S.D.N.Y. 2001).

It is undisputed that this Court has the power to adjudicate claims under the FLSA, and that the instant case falls under the FLSA. 29 U.S.C. § 201 *et seq*; *Mascol v. E&L Transp., Inc.*, 398 F. Supp. 2d 87, 93 (E.D.N.Y. 2005) ("Under the [FLSA], employers must pay employees time-and-a-half for all hours worked over 40 hours per week.") (*citing* 29 U.S.C. § 207(a)(1)). The CBA does not purport to waive Plaintiff's rights under the FLSA, nor do Defendants argue such a waiver. Indeed, the CBA cannot be held to waive Plaintiffs' FLSA rights, as a matter of law. *See Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 744 (1981) (FLSA rights unwaivable).

Because (1) it is undisputed that the federal courts have the power to adjudicate claims under the FLSA; and (2) the CBA expressly leaves Plaintiff's FLSA remedies in tact notwithstanding its grievance procedures, subject matter jurisdiction is proper. *See NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York and Vicinity*, 2002 WL 1603145 (S.D.N.Y. Jul. 18, 2002) ("A court properly dismisses a case for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it," which cannot be said in this instance); *but see*, *e.g.*, *Urena v. American Airlines, Inc.*, 2004 WL 2212095, at *3 (E.D.N.Y. Sept. 16, 2004) (Rule 12(b)(1) motion granted where dispute falling under Railway Labor Act found to be "within the exclusive jurisdiction of the grievance and arbitration procedures of the CBA"); *Morrison v. Coloarado Permanente Med. Group., P.C.*, 983 F. Supp. 937 (D. Colo. 1997) (dismissing, under Rule 12(b)(1) those claims governed by arbitration clause).

B.  *Arbitrability of Dispute*

Without resolving whether Defendants' motion is properly brought under Rule 12(b)(6), this court dismisses the instant action because Section 10 of the CBA requires Plaintiffs to exhaust their administrative remedies prior to filing suit. *See*, *e.g.*, *See Alphonse Hotel Corp. v. New York Hotel & Motel Trades Council, AFL-CIO*, 2004 WL 414836, at *4-6 (S.D.N.Y. Mar. 5, 2004) (finding subject matter jurisdiction proper and dismissing for failure to arbitrate).

Section 10 of the CBA, entitled, "FLSA Dispute Procedure," clearly requires Plaintiffs to submit any claim arising under the FLSA to the "FLSA Panel" for resolution. (Hudson Aff. Ex. A at 44.) Though Plaintiffs argue that the FLSA does not require exhaustion of administrative remedies prior to filing suit, Plaintiffs make this argument without citation to relevant case law. Plaintiffs' cite *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981), for the proposition that "an aggrieved employee [may] bring his statutory wage claim 'in any Federal or State court of competent jurisdiction.'" (Pl. Mem. of Law at 7 (*quoting Barrentine*).) However, prior to filing an action in the district court, the *Barrentine* plaintiffs "unsuccessfully submitted a

wage claim based on the same underlying facts to a joint grievance committee" pursuant to a collective bargaining agreement, and their grievances were rejected without explanation in a "final and binding" decision. *Id.* at 730-731. As they have yet to submit their FLSA dispute to FLSA panel, as required by the CBA (or even attempt to do so), the instant Plaintiffs are not aided by the holding in *Barrentine*, or its progeny. *See Alexander v. Gardner-Denver*, 415 U.S. 36, 39 (1974) (petitioner filed Title VII action after unsuccessfully seeking redress for discrimination through grievance procedure of collective bargaining agreement); *cf. Tran v. Tran*, 54 F.3d 115, 115 (2d Cir. 1995) (remanding FLSA action after union refused to pursue claim on plaintiff's behalf).

Furthermore, the CBA contains no waiver of Plaintiffs' right to seek redress in court following the conclusion of the procedures set forth in Section 10. On the contrary, the CBA expressly preserves Plaintiffs' rights under the FLSA. (Hudson Aff. Ex. A at 45.) Plaintiffs have apparently mistaken a *precursor* to litigation for a *waiver* of statutory rights.

Defendants do not argue that the CBA constitutes a waiver, making inapposite those cases cited by Plaintiffs where courts struck down purported waiver provisions. *See*, *e.g.*, *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70 (1998) (finding that employee's collective bargaining agreement did not contain clear and unmistakable language constituting a waiver of his right to file a claim under the Americans with Disabilities Act); *Rogers v. New York Univ.*, 220 F.3d 73, 75 (2d Cir. 2000) (collective bargaining agreement did not unmistakably waive employees' rights under ADA and Family and Medical Leave Act); *Beljakovic v. Melohn Props. Inc.*, 2005 WL 2709174, at *1 (S.D.N.Y. Oct. 17, 2005) (collective bargaining agreement purporting to mandate arbitration as the "sole and exclusive" remedy for plaintiff's claim under the Age

Discrimination in Employment Act cannot preclude court's subject matter jurisdiction over same).

Because the CBA contains unambiguous language delineating a procedure for the redress of Plaintiffs' FLSA-related rights and because Plaintiffs are free to return to the courts at the end of that procedure, this Court hereby compels Plaintiffs to comply with Section 10 of the CBA and dismisses this action, without prejudice. To ensure that Plaintiffs are not prejudiced, the Court dismisses this action with the understanding that Defendants have waived their right to assert a statute of limitations affirmative defense should this action be re-filed by any of the Plaintiffs following exhaustion of the CBA-required FLSA dispute resolution procedures.

III.    *Conclusion*

Because the CBA explicitly requires the parties to engage in a grievance procedure, and that grievance procedure does not abridge Plaintiffs' rights under the FLSA, the instant action is dismissed without prejudice.

SO ORDERED.

_____S/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated:      May 16, 2006
            Brooklyn, NY